Filed 6/15/16  P. v. Gauthier CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JEREMY JOHN GAUTHIER,<br><br>    Defendant and Appellant. | G052065<br><br>(Super. Ct. No. 13CF3590)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert R. Fitzgerald, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jeremy John Gauthier, in pro. per.; and Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

## 1.  Introduction

Jeremy John Gauthier (Defendant) appeals from the judgment entered after he pleaded guilty to one count (count 2) of possession of a firearm by a felon and one count (count 3) of accessory after the fact.  Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting that we review the entire record.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel provided issues to assist us in conducting our independent review.  Defendant was granted 30 days to file written arguments in his own behalf.  He has filed a supplemental brief.

We have examined the entire record, counsel's *Wende*/*Anders* brief, and Defendant's supplemental brief.  We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no reasonably arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Counsel has suggested five issues to assist us in our review.  None has merit.  In his supplemental brief, Defendant raises six issues, which we address in the Discussion section.  None of the issues raised by Defendant supports reversal.  We therefore affirm.

## 2.  Evidence at Preliminary Hearing

Defendant and codefendant Martin Joseph Ryan initially were charged by felony complaint.  A preliminary hearing was conducted.

The testimony at the preliminary hearing included the following:

Tustin Police Officer Michael Fitzpatrick testified that on November 6, 2013, in the early evening, he was dispatched to a convenience store to investigate a report of an armed robbery.  The owner of the store reported that he had been robbed at gunpoint by a man wearing a mask.  On November 13, 2013, Tustin Police Detective Colton Kirwan spoke with Garden Grove Police Officer Herrera, who had made a traffic stop of a car driven by Defendant a few hours earlier.  Herrera said he had noticed a black

mask in the rear passenger compartment of the car. Herrera said he had obtained consent from Defendant to search his cell phone. Herrera gave Kirwan the mask and the cell phone, and they were booked into evidence at the Tustin Police Department.

On the cell phone, Kirwan saw a photograph of Defendant holding a chrome-colored handgun. Kirwan watched a video recording of the robbery on November 6, taken by the surveillance camera at the store. He testified the mask found in Defendant's car and the mask worn by the robber on the video recording appeared to be the same.

Kirwan testified he went to the investigations bureau of the Garden Grove Police Department and interviewed Defendant. Kirwan read Defendant his rights under *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant stated he understood his rights. Kirwan testified that Defendant did not make an express waiver of rights but made an implied waiver by willingly answering questions. When Kirwan was asked what Defendant had told him, defense counsel posed, and repeated, an objection based on lack of voluntariness and violation of *Miranda v. Arizona*.

Kirwan testified that Defendant said he had been with a man called "M.J."—eventually identified as codefendant Ryan—on November 6, 2013. Defendant was placed under arrest and transported to the Tustin Police Department. There, Defendant asked to speak with Kirwan. Defendant was taken to an interview room where Kirwan interviewed him. Kirwan testified that, during the interview, Defendant said that Ryan's girlfriend would give Kirwan "all the information [he] needed regarding the robbery." Kirwan testified that Defendant said he had received a telephone call from Ryan at about 9:00 p.m. on November 6. Ryan asked Defendant to pick him up at his girlfriend's house. Ryan had a gun when Defendant arrived. Ryan showed Defendant the gun and a mask. Ryan said he had robbed a liquor store in Tustin and wanted to commit more crimes.

Kirwan testified that Defendant said he and Ryan's girlfriend talked Ryan out of committing more crimes. Defendant agreed to give Ryan a ride to return the gun to its owner. While in Defendant's car, Ryan took a photograph of Defendant holding the gun.

## 3. Procedural History

An information was filed after the preliminary hearing. The information charged Ryan under count 1 with second degree robbery in violation of Penal Code sections 211 and 212.5, subdivision (c). The information charged Defendant under count 2 with possession of a firearm by a felon in violation of Penal Code section 29800, subdivision (a)(1) and under count 3 with accessory after the fact in violation of Penal Code section 32. Count 3 alleged that Defendant acted as an accessory after the fact in Ryan's commission of armed robbery. The information also alleged that Defendant had two prior serious and violent felony convictions[1] (prior strikes): (1) second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)) and (2) burglary (*id.*, §§ 459, 460, subd. (b)). Finally, the information alleged that Defendant had previously served a separate prison sentence[2] (prison prior) for the burglary conviction.

In March 2014, Defendant filed a motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The trial court conducted an in camera review of the peace officer's personnel records and ordered the court reporter not to transcribe the proceedings.

In April 2014, Defendant filed a motion to compel discovery. In the motion, Defendant asserted he had requested but not received from the prosecution an audio and video recording of his interview at the Garden Grove police station. The trial court ordered the prosecution to provide defense counsel with a copy of the recording no

---

[1] Penal Code sections 667, subdivisions (d) and (e)(2)(A), and 1170.12, subdivisions (b) and (c)(2)(A).

[2] Penal Code section 667.5, subdivision (b).

later than May 13, 2014. At a later hearing on a second *Pitchess* motion, defense counsel contended the audio recording was incomplete or had been altered. The trial court rejected that argument.

On June 10 and July 22, 2014, the jury trial was continued at Defendant's request.

In July 2014, Defendant filed a motion under Penal Code section 1538.5 to traverse a search warrant and to suppress evidence seized under the warrant. The motion asserted that four items of evidence, including a handgun, were seized pursuant to a search warrant that was supported by an affidavit in which the affiant made material misrepresentations and omissions. The trial court heard and denied the motion.

At Defendant's request, the jury trial was continued from August 19 to October 8, 2014, and then from October 8 to December 8, 2014.

In November 2014, Defendant filed a second motion under *Pitchess*, *supra*, 11 Cal.3d 531. In the second *Pitchess* motion, Defendant contended he had not received an accurate recording of the interview at the Garden Grove Police Department and the police reports of the interview were in conflict. At the hearing, defense counsel asserted that two interviews were conducted at the Garden Grove police station: "We are saying there was an interview, that interview wasn't recorded, then the officers came back, did a different interview, and then that's the interview that . . . the court has before it." Counsel contended that in the first, unrecorded interview, Defendant requested a lawyer. The trial court denied the motion.

In December 2014, Defendant entered a plea of guilty to counts 2 and 3. He signed a printed "Advisement and Waiver of Rights for a Felony Guilty Plea" (the Plea Form). As the factual basis for the guilty plea, Defendant offered the following: "In Orange County, California, on 11-6-13 I did unlawfully possess a firearm & had custody & control of the firearm while previously convicted of a felony. I did unlawfully aid

5

Martin J. Ryan w/ the intent that Martin J. Ryan might avoid conviction & punishment for the felony."

Defendant initialed paragraph 15 of the Plea Form, which states: "**Appeal Waiver:** I understand I have the right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5. I waive and give up my right to appeal from my guilty plea. I waive and give up my right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."

The trial court found the plea to be free, voluntary, knowing, and intelligent, and found a factual basis for the plea.

Sentencing was conducted several months later. The trial court sentenced Defendant to the upper term of three years in prison on count 2 with a concurrent upper term of three years on count 3. The court struck the prior strikes and prison prior for purposes of sentencing. Defendant was awarded credit of 538 days of actual time and 538 days of local conduct credit for a total of 1,076 days of credit for time served.

At sentencing, the court asked Defendant: "And now sir, do you waive your right to appeal understanding no other court will ever look at this case?" Defendant answered, "[y]es."

Defendant, representing himself, filed a notice of appeal. He did not obtain a certificate of probable cause under Penal Code section 1237.5, subdivision (b).

**4. Discussion**

a. *Issues Raised by Defendant*

Defendant has filed a supplemental brief raising six issues for our review. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Those issue are:

6

1.  "Whether [Defendant] should be denied his right to appeal the denial of his § 1538.5 motion to suppress and traverse the warrant . . . where his waiver of appeal was both unknowingly [*sic*] and unintelligent?"

2.  "Whether [Defendant] was denied his Due process rights protected by the United States Constitution where there is overwhelming evidence showing his statements used for the search warrant were obtained through coer[c]ion, were involuntary, and were obtained in violation of this 5th and 6th amendment rights."

3.  "Whether [Defendant] was denied his due process rights protected by the United States Constitution where the prosecution withheld and destroyed evidence pertinent to his case?"

4.  "Whether [Defendant] was denied his due process rights protected by the United States Constitution where officer Kirwan committed perjury on the stand under oath during the preliminary hearing and in the affidavit submitted for the search warrant?"

5.  "Whether [Defendant] was denied his due process rights protected by the United States Constitution where [Defendant] was denied discovery in [a] Pitchess motion based on evidence which was submitted in violation of California procedural law by the city attorney?"

6.  "Whether [Defendant] was denied his due process rights protected by the United States Constitution where his counsel was inadequate and ineffective . . . in her duties."

b.  *Analysis of Issues Raised by Defendant*

*Issue No. 1*

On the Plea Form, Defendant initialed the appeal waiver paragraph and, in response to the trial court's question at sentencing, acknowledged he had agreed to waive those rights.  A defendant who pleads guilty or no contest generally may not appeal a judgment of conviction unless he or she timely files a statement with the trial court

7

"showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and obtains a certificate of probable cause for the appeal.  (Pen. Code, § 1237.5, subds. (a), (b); Cal. Rules of Court, rule 8.304(b); see *People v. Mendez* (1999) 19 Cal.4th 1084, 1096 [appellate court may not proceed to merits but must order dismissal of appeal if defendant fails to obtain certificate of probable cause].)  A certificate of probable cause is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76; *People v. Kaanehe* (1977) 19 Cal.3d 1, 8.)

Thus, to challenge the validity of the appeal waiver, Defendant had to obtain a certificate of probable cause under Penal Code section 1237.5.  (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 76; *People v. Mashburn* (2013) 222 Cal.App.4th 937, 942-943.)  Defendant did not obtain a certificate of probable cause and, therefore, cannot challenge on appeal the validity of the appeal waiver.

*Issue Nos. 2-5*

The appeal waiver paragraph of the Plea Form expressly waives the right to appeal from "any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5."  Defendant therefore waived his right to appeal from the orders denying his two *Pitchess* motions and the order denying his motion to traverse the search warrant and suppress evidence.  In denying Defendant's second *Pitchess* motion, the trial court rejected the contention that the audio recording of the interview at the Garden Grove police station was incomplete or had been altered to omit the part of the interview in which Defendant claimed he had requested an attorney.  By waiving his appeal rights, Defendant waived his right to challenge that conclusion.

*Issue No. 6*

To prevail on a claim of ineffective assistance of counsel, Defendant must prove both (1) his attorney's representation was deficient in that it fell below an objective

8

standard of reasonableness under prevailing professional standards; and (2) his attorney's deficient representation subjected him to prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687; *People v. Cain* (1995) 10 Cal.4th 1, 28.) Prejudice means a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington*, *supra*, at p. 694.) A reasonable probability means a "probability sufficient to undermine confidence in the outcome." (*Ibid.*)

"Unless a defendant establishes the contrary, we shall presume that 'counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy.' [Citation.] If the record 'sheds no light on why counsel acted or failed to act in the manner challenged,' an appellate claim of ineffective assistance of counsel must be rejected 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.' [Citations.]" (*People v. Ledesma* (2006) 39 Cal.4th 641, 746.) We reverse on direct appeal for ineffective assistance of counsel only when "the record on appeal demonstrates there could be no rational tactical purpose for counsel's omissions." (*People v. Lucas* (1995) 12 Cal.4th 415, 442.)

Defendant argues his trial counsel was ineffective because counsel "failed to adequately present pertinent issues on motion to suppress and traverse search warrant. Where as admitted in last [P]itchess motion she believed evidence was lost or destroyed by the prosecution and she did not pursue the issue. Where she did not appeal motion to suppress and led [Defendant] to believe he could do so later on."

The record on appeal does not disclose whether or why trial counsel acted or failed to act in the manner challenged. Defendant does not explain how "but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.)

9

## 5. Disposition

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.